IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY LYLE HIETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:14cv1096-TFM |
| ) | (WO) |
| CRAIG A. LONG, an individual, and ) | |
| CRAIG LONG, LLC, a Georgia ) | |
| Limited Liability Company, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Tony Lyle Hiett ("Hiett" or "Plaintiff") brings state law claims of legal malpractice, negligence/wantonness, and breach of contract against Attorney Craig A. Long and/or Craig Long, LLC ("Long" or "Defendants"). In addition, Hiett asserts Defendants violated the Bankruptcy Abuse Prevention and Consumer Protection Act, 11 U.S.C. § 526. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.

Now pending before the court is the Motion to Dismiss Counts Two, Three, and Four of the Plaintiff's Complaint filed by Defendants on November 20, 2014. Doc. No. 7. Plaintiff filed a response to the Motion on December 10, 2014. Doc. No. 11. Upon

consideration of the matters set forth in the Motion and Plaintiff's Response, the court concludes that the Motion is due to be GRANTED in part and DENIED in part.

## II. STANDARD OF REVIEW

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although FED. R. CIV. P. 8 does not require detailed factual allegations; it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

Defendants assert that the negligence and/or wantonness claims in Count Two, the breach of contract claim in Count Three, and the debt relief violation claim in Count Four of the Complaint do not state plausible claims for relief because the Alabama Legal Services Liability Act, § 6-5-573, ALA. CODE 1975, is the sole vehicle for any claim of malpractice and that all of Plaintiff's claims are subsumed under the Act. Plaintiff concedes that Counts Two and Three are due to be dismissed. Hiett, however, correctly argues that the state statute

does not preempt any rights or remedies he may have under the federal statute where there is no contemporary state law. Under Count Four, Plaintiff asserts Long acted as a "debt relief agency" when he intentionally and/or negligently disregarded certain procedural rules during a bankruptcy proceeding in violation of 11 U.S.C. § 526.

The Bankruptcy Abuse Prevention and Consumer Prevention Act introduced strict measures on the conduct of consumer attorneys as "debt relief agencies." *See* 11 U.S.C. § 101. Attorneys who provide qualifying bankruptcy assistance to an assisted person in return for payment are a debt relief agency within the meaning of section 101(12A) of the Bankruptcy Code. *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 236 (2010). The remedies available under 11 U.S.C. § 526 are "in addition to any other remedy provided under Federal or State law." 11 U.S.C. § 526(c)(5).

In the Complaint, Plaintiff alleges that Long provided bankruptcy assistance to him in return for payment and that his failure to follow the requirements of the Federal Rules of Bankruptcy caused his request for a discharge to be denied and subjected him to $6,217,661.40 in claims. Doc. 1. At this stage of the proceedings, the court concludes that Plaintiff states a plausible claim for which relief may be granted.[1] Consequently, the Motion to Dismiss Count Four of the Complaint is due to be denied at this time.

---

[1] The parties do not argue and therefore the court will not decide at this stage of the proceedings whether Plaintiff is an "assisted person" as defined under the Bankruptcy Abuse Prevention and Consumer Prevention Act. *See* 11 U.S.C. § 101(3) and (8).

## IV.  CONCLUSION

Accordingly, it is

ORDERED as follows:

(1)  To the extent Defendants move to dismiss Counts Two and Three of the Complaint, the Motion to Dismiss be and is hereby GRANTED.  Doc. 7.

(2)  To the extent Defendants move to dismiss Count Three of the Complaint, the Motion to Dismiss be and is hereby DENIED.  Doc. 7.

DONE this 6th day of January, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE